**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**KATHERINE JEFFERSON**                                                   **PLAINTIFF**

**VERSUS**                                      **CIVIL ACTION NO.: 3:23cv012-GHD-RP**

**DESOTO COUNTY, MISSISSIPPI,
BILL RASCO, in his Official Capacity as
DESOTO COUNTY SHERIFF,
DESOTO COUNTY, MISSISSIPPI DEPUTIES,
in their Official and Individual Capacity**                   **DEFENDANTS**

**DEFENDANT DESOTO COUNTY'S MEMORANDUM OF
AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS**

COMES NOW Defendant DeSoto County, Mississippi, by and through counsel, and submits these authorities in support of its Motion to Dismiss, as follows:

**I. INTRODUCTION**

On January 10, 2023, Plaintiff Katherine Jefferson filed suit against DeSoto County, Mississippi, Bill Rasco, and unidentified DeSoto County Deputies, asserting claims under 42 U.S.C. §1983 for false arrest, First Amendment retaliation, excessive force, failure to intervene, and municipal liability under Monell. See Doc. 1. On January 11, 2023, DeSoto County was served with process in this matter.[1] See Doc. 03. As demonstrated below, Plaintiff's Monell claims and her First Amendment retaliation claim should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**II. STANDARD**

A defendant is entitled to dismissal under Fed. R. Civ. P. 12(b)(6) when the face of Plaintiff's complaint lacks sufficient factual content for the court to infer that the defendant is liable.

---

[1] Named Defendant Rasco has not been served and may, once served, file a joinder in this motion.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Generally, when ruling on a motion to dismiss under Rule 12(b)(6), a court must accept the complaint's factual allegations as true. Id. at 678. Importantly, however, this rule is inapplicable to a plaintiff's conclusory statements and/or legal conclusions that are couched as factual allegations. Id.; see also Matter of Ondova Ltd. Co., 914 F.3d 990, 992 (5th Cir. 2019).

In short, a plaintiff's complaint must contain more than "labels and conclusions" that are "merely consistent with" a defendant's liability. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007). Thus, if a plaintiff is "armed with nothing more than conclusions" or "naked assertions," dismissal is proper. Iqbal, 556 U.S., at 678-79.

### III. FACTS ALLEGED[2]

On or about August 30, 2022, Jefferson was a passenger in a vehicle that was stopped in the area of Interstate 55 and Interstate 69 in DeSoto County. See Doc. 1 at ¶10. Following an alleged arrest of the driver, Plaintiff was arrested. Id. at ¶11. Although Plaintiff was allegedly fully compliant, the DeSoto County deputies that arrested her allegedly tased her more than once, pulled her hair, kicked her in her stomach and ribs, called her a prostitute, and stomped on her face. Id. at ¶¶ 12, 39. This allegedly resulted in Plaintiff sustaining a broken jaw and having multiple teeth knocked out. Id. at ¶12. After her arrest, Plaintiff was transported to Baptist Hospital in DeSoto County and later transferred to Regional One Hospital in Memphis, Tennessee. Id. at ¶13.

---

[2] Defendant must accept as true, for the limited purposes of this Rule 12(b)(6) motion, those factual allegations of Plaintiff's Complaint without conceding the accuracy of those allegations. Harold H. Huggins Realty, Inc. v. FNC, Inc., 634 F.3d 787, 796 (5th Cir. 2011). Defendant reserves the right to contest all such facts in discovery, at summary judgment, and at any trial in this case.

## IV. LAW AND ARGUMENT

Plaintiff failed to sufficiently plead any facts to support her Monell claims against DeSoto County. Likewise, Plaintiff has failed to plead a plausible First Amendment retaliation claim. As a result, these claims should be dismissed.

**1.  Liability under Monell**

Municipalities may be held liable under §1983 when "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). Additionally, municipalities may be held liable "for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." Id. But the municipality cannot be held liable solely because it employed a tortfeasor. Id. Rather, it is only liable "when execution of government's policy or custom, whether made by its lawmakers or those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id.

Plaintiff alleges that DeSoto County "sanctioned the following customs, practices, and policies:

- (A)  Using unreasonable and excessive force to carry out detentions and/or arrests;
- (B)  Arbitrarily using arrests when they are not necessary or permitted by law;
- (C)  Ignoring the serious need for training and supervision of its Officers regarding its policies and procedures when conducting detentions and/or arrests;
- (D)  Failing to adequately supervise and/or observe its Officers;
- (E)  Failing to adequately train Officers regarding the availability of alternative means

3

>>other than the use of arrests, force, or excessive force without probable cause;
>
>(F) Failing to discharge Officers who have shown a pattern or practice of falsely arresting citizens;
>
>(G) Failing to discharge Officers who have shown a pattern or practice of using excessive force; and
>
>(H) Adopting a practice whereby Officers who are unfit for peace Officer duties, as shown by prior actions in the line of duty, are allowed to retain their positions."

See Doc. 1 at ¶69. As such, Plaintiff asserts that DeSoto County is liable under Monell because the arresting deputies "were acting pursuant to an official County policy, practice, custom and procedure overlooking and/or authorizing police Deputy's excessive use of force and unlawful arrests" and because DeSoto County's "failure to supervise and train its officers, and its willful blindness towards the constitutional violations of its employees was a direct cause of Plaintiff's injuries." Id. at ¶¶70-71. To support her failure to supervise and train claim, Plaintiff's asserts that "the need for additional or different training was necessary *considering the circumstance of **this incident***." Id. at ¶74 (emphasis added).

"'To survive a motion to dismiss,' [Plaint]iff's Monell pleadings 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Ratliff v. Aransas Cnty., Texas, 948 F.3d 281, 284–85 (5th Cir. 2020) (quoting Iqbal, 556 U.S., at 678). Specifically, a Monell Plaintiff is "required to plead facts that plausibly establish: 'a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom.'" Id. at 285 (quoting Piotrowski v. City of Hous., 237 F.3d 567, 578 (5th Cir. 2001)).

In Ratliff, the Fifth Circuit considered the plaintiff's custom or policy allegation that "the assault, beating, and severe injury to citizens, with little or no justification, is a persistent, widespread practice of [Aransas] County employees namely officers/deputies – that, although not

4

authorized by officially adopted policy, is so common and well settled as to constitute a custom that fairly represents official county policy." Id. The Fifth Circuit concluded that this allegation did not satisfy the federal pleading standards outlined in Twombly or Iqbal because it did "not contain any specific facts. Instead, the complaint's only specific facts appear[ed] in the section laying out the events that gave rise to this action." Id.

Similarly, Plaintiff here has failed to allege sufficient facts to demonstrate an official custom or policy of DeSoto County to support her Monell claims. Because Plaintiff's allegations suggest an absence of official policies, she must allege facts of a persistent, widespread practice such that the Court could rationally infer it represented a custom having the force of an official City policy. See Peña v. City of Rio Grande City, 879 F.3d 613, 622 (5th Cir. 2018). Despite this, the only facts that Plaintiff alleged with any particularity concern a single incident – her arrest. In short, Plaintiff has done no "more than describe the incident that gave rise to his injury." Ratliff, 948 F.3d at 285 (quoting Peña, 879 F.3d at 622). Therefore, Plaintiff has failed to allege sufficient facts to state any Monell claims against DeSoto County.

To the extent that Plaintiff contends that DeSoto County maintained a policy of inadequate training and supervision, Plaintiff was required to plead facts plausibly demonstrating that DeSoto County was deliberately indifferent. See City of Canton, Ohio v. Harris, 489 U.S. 378, 388 (1989). To sufficiently plead deliberate indifference, a Plaintiff must pled facts concerning a policymaker who was actually aware of systemic deficiencies in DeSoto County's training, that the policymaker actually drew an inference of substantial risk of constitutional harm, and that the policymaker disregarded that risk. Id. at 389. Generally, a plaintiff must also plead facts plausibly demonstrating "a pattern of similar constitutional violations . . . to show deliberate indifference." Peña, 879 F.3d

5

623 (internal quotation mark omitted) (quoting Connick v. Thompson, 563 U.S. 51, 62 (2011)). Indeed, Plaintiff acknowledged her burden of demonstrating a pattern of unconstitutional misconduct. See. Doc. 1 at ¶73.

Plaintiff, however, has failed to carry this burden. Specifically, Plaintiff claims that "the need for additional or different training was necessary considering the circumstance of this incident. Defendant County knew that Defendant Officers were likely to engage in other acts of wrongful conduct, yet Defendant County continuously failed to discipline, supervise, or train Defendant Officers." Id. at ¶74. As noted above, Plaintiff has done nothing more than describe the incident that gave rise to her alleged injuries. In doing so, Plaintiff has failed to sufficiently plead a pattern of unconstitutional misconduct. Additionally, Plaintiff alleges in conclusory fashion that DeSoto County's "failure to supervise and train its officers . . . was a direct cause of Plaintiff's injuries. Id. at ¶71. This allegation fails to provide any specific allegations supporting a plausible causation inference. Instead, this represents a legal conclusion couched as a factual allegation, which fails to state a claim for relief. See Ratliff, 948 F.3d at 285. Pursuant to the foregoing reasons, dismissal of Plaintiff's failure to train and/or supervise claim is proper under Rule 12(b)(6).

### 2. First Amendment retaliation claim

To sufficiently plead a plausible First Amendment retaliation claim, Plaintiff must allege facts that demonstrate "(1) she was engaged in constitutionally protected activity, (2) the defendants' actions caused her to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity, and (3) the defendants' adverse actions were substantially motivated against her exercise of constitutionally protected conduct." Westfall v. Luna, 903 F.3d 534, 550 (5th Cir. 2018) (internal quotation marks and bracket omitted) (quoting Keenan v. Tejeda, 290 F.3d 252,

258 (5th Cir. 2002)).

With respect to Plaintiff's First Amendment retaliation claim, she alleges that "Defendant Officers violated her federal constitutional guarantees of the First Amendment . . . by retaliating against the exercise of her right to speak freely. Defendant Officers willfully deprived Plaintiff of the constitutional guarantees of freedom of speech that forbid the states to punish the use of words or language that does not fall within narrowly limited classes of speech. As a direct and proximate cause of Defendant Officers' retaliation, Plaintiff suffered federal civil liberty violations, public humiliation, physical injury, medical expenses, lost wages, and mental and emotional distress." See Doc. 1 at ¶¶31-33. These are the *only* allegations Plaintiff pled concerning her First Amendment retaliation claim.

Plaintiff's First Amendment retaliation claim should be dismissed because it does satisfy the federal pleading standards outlined in Twombly or Iqbal. Specifically, Plaintiff fails to allege *any* facts demonstrating a plausible First Amendment retaliation claim. Instead, Plaintiff has plead nothing more than "labels and conclusions" that are simply consistent with a defendant's liability. Twombly, 550 U.S., at 555. As a result, Plaintiff's "naked assertions" make dismissal of her First Amendment retaliation claim proper. See Iqbal, 556 U.S., at 678-79.

## V. CONCLUSION

Plaintiff failed to sufficiently plead any facts to support Monell claims against Defendant DeSoto County. Similarly, Plaintiff's complaint fails, *in toto*, to state a plausible First Amendment retaliation claim. Accordingly, this Court should dismiss Plaintiff's Monell and First Amendment retaliation claims pursuant to Rule 12 of the Federal Rules of Civil Procedure.

Respectfully submitted,

/s/ *J. Cody Hallmark*
J. Cody Hallmark (Bar No. 105941)
jcodyhallmark@huntross.com
R. Jeff Allen (Bar No. 10593)
rjallen@huntross.com
HUNT ROSS & ALLEN
P.O. Box 1196
Clarksdale, MS 38614
662-627-5251 (telephone)
ATTORNEYS FOR DEFENDANT
DESOTO COUNTY, MISSISSIPPI

## CERTIFICATE OF SERVICE

I, J. Cody Hallmark, hereby certify that I electronically filed the foregoing document with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

> Juan T. Williams
> jw@PerryGriffin.com
> John Keith Perry, Jr.
> PERRYGRIFFIN, P.C.
> 5699 Getwell Road, Bldg. G, Suite 5
> Southaven, MS 38672
> ***Attorneys for Plaintiff***

This, the 30th day of January, 2023.

/s/ *J. Cody Hallmark*
J. Cody Hallmark