## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI

**KATHERINE JEFFERSON,**

    **PLAINTIFFS,**

**VS.**
                                    **CAUSE NO.:** 3:23CV012-GHD-RP
                                      **Jury Trial Demanded**

**DESOTO COUNTY, MISSISSIPPI,**
**BILL RASCO, in his Official Capacity as**
**DESOTO COUNTY SHERIFF DEPARTMENT,**
**DEPUTY HUNTER FOSTER,**
**in his Official and Individual Capacity,**
**DETECTIVE MUNDY QUINN, in his Official and**
**Individual Capacity, DEPUTY SERGEANT**
**TYLER BROWN, in his Official and Individual**
**Capacity, DEPUTY KEITH CANIZARO,**
**in his Official and Individual Capacity,**
**and JOHN and JANE DOES 1-10,**

    **DEFENDANTS.**

## AMENDED COMPLAINT

COMES NOW, the Plaintiff, Katherine Jefferson, by and through undersigned Counsel, filing this Amended Complaint for Damages and in support thereof, would show this Honorable Court the following, to-wit:

### I.      INTRODUCTION

1.     This is an action against Defendants for federal constitutional violations and state law personal injuries suffered by Plaintiff as a result of her unlawful detention while Defendants acted under color of state law. The Plaintiff brings this action for compensatory damages under 42 U.S.C. § 1983 because Defendants jointly and/or severally deprived Plaintiff of her federally-protected civil liberties and privileges to be free from unreasonable excessive force, to be free

from unlawful search and seizure, to be free to speak freely. U.S. CONST. amends IV & XIV.

2.      As a direct consequence of the policies, practices, and procedures of the Desoto County, Mississippi and Desoto County Sheriff Department (hereinafter "Defendant County", Plaintiff were intentionally deprived of her constitutional rights guaranteed by the Fourth, and Fourteenth Amendments to the United States Constitution. DESOTO COUNTY, MISSISSIPPI, BILL RASCO, in his Official Capacity as DESOTO COUNTY SHERIFF DEPARTMENT, DEPUTY HUNTER FOSTER, in his Official and Individual Capacity, DEPUTY SERGEANT TYLER BROWN, in his Official and Individual Capacity, DEPUTY KEITH CANIZARO, in his Official and Individual Capacity, and JOHN and JANE DOES 1-10 (collectively "Defendant Officers")[1], acting within the course and scope of her employment with the County of Desoto, and acting under color of state law, unjustifiably used excessive and unreasonable force, retaliated against Plaintiff' exercise of her right to speak freely, and failed to intervene. Under well-established law on the above violations, Defendant Officers are not entitled to qualified or other immunity for these actions.

## II. JURISDICTION AND VENUE

3.      This action is brought pursuant to 42 U.S.C. § 1983 and § 1988 and the Fourth, and Fourteenth Amendment to the United States Constitution, made applicable to Defendants through the Fourteenth Amendment to the United States Constitution. This Court has jurisdiction over Plaintiff's claim under 28 U.S.C. § 1331 (federal question) and under 28 U.S.C. § 1343(a)(3)

---

[1] The true names and capacities of Defendant Officers are currently unknown to Plaintiff who therefore sues these Defendants by assumed names. However, Defendant Officers are believed to be individual officers of the Desoto Police Department and deputies of Desoto County Sheriff's Office. Plaintiff is informed and believes, and thereon alleges, that each of the Defendant Officers violated Plaintiff's federal constitutional rights or is otherwise legally responsible in some other actionable manner for the events and happenings referred to in this Complaint, and that Plaintiff's injuries and damages as alleged in this Complaint were caused by that violation or wrongful conduct. Plaintiff will amend this Complaint and state the true names and/or capacities of Defendant Officers when they have been ascertained.

(civil rights). This Court further has jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367 (supplemental jurisdiction) as those claims form part of the same case or controversy under Article III of the United States Constitution.

4.     Venue is proper under 28 U.S.C. § 1391(b) because Defendant County is deemed to reside in any judicial district in which it is subject to the Court's personal jurisdiction with respect to the civil action in question; Defendant Officers are employees of Defendant County who acted in her official capacity or under color of legal authority; and all events, actions, and injuries giving rise to this claim occurred within the Northern District of Mississippi.

### III. PARTIES

5.     Plaintiff Katherine Jefferson (hereinafter "Jefferson") is an adult citizen of She County, Tennessee, who resides in Memphis, Shelby County, Tennessee.

6.     Defendant County is a municipality, duly incorporated under the laws of the State of Mississippi within the United States District for the Northern District of Mississippi and, as such, is a political subdivision of the State of Mississippi.  Amongst its many functions, the Defendant County operates and maintains a law enforcement agency known as the Desoto County Sheriff's Office (hereinafter "DCSO"). Defendant County is under a duty to operate its law enforcement activities in a lawful manner to preserve the peace and dignity of the County and the rights, privileges, and immunities guaranteed and secured to its residents and visitors pursuant to the Constitution and the laws of the State of Mississippi. Defendant County may be served with process by effectuating the same upon their counsel.

7.     Defendant DCSO is a subdivision of Desoto County, Mississippi, and may be served with process through their counsel.

8.     Defendant Deputy Hunter Foster (hereinafter "Defendant Officers") is an individual

employed in Desoto County, Mississippi. The acts and omissions complained of herein arise from the conduct of Defendant Officers while they were acting under color of state law, and each act and omission was committed pursuant to Defendant Officers' employment and authority as a deputy with the DCSO. Defendant Officers are sued in their official and individual capacities. Defendant Officers may be served with process at the DCSO, which is located at 3091 Industrial Drive West, Hernando, Mississippi 38632.

9. Defendant Deputy Sergeant Tyler Brown (hereinafter "Defendant Officers") is an individual employed in Desoto County, Mississippi. The acts and omissions complained of herein arise from the conduct of Defendant Officers while they were acting under color of state law, and each act and omission was committed pursuant to Defendant Officers' employment and authority as a deputy with the DCSO. Defendant Officers are sued in their official and individual capacities. Defendant Officers may be served with process at the DCSO, which is located at 3091 Industrial Drive West, Hernando, Mississippi 38632.

10. Defendant Deputy Keith Canizaro (hereinafter "Defendant Officers") is an individual employed in Desoto County, Mississippi. The acts and omissions complained of herein arise from the conduct of Defendant Officers while they were acting under color of state law, and each act and omission was committed pursuant to Defendant Officers' employment and authority as a deputy with the DCSO. Defendant Officers are sued in their official and individual capacities. Defendant Officers may be served with process at the DCSO, which is located at 3091 Industrial Drive West, Hernando, Mississippi 38632.

11. Defendant Detective Mundy Quinn (hereinafter "Defendant Officers") is an individual employed in Desoto County, Mississippi. The acts and omissions complained of herein arise from the conduct of Defendant Officers while they were acting under color of state law, and each act

and omission was committed pursuant to Defendant Officers' employment and authority as a deputy with the DCSO. Defendant Officers are sued in their official and individual capacities. Defendant Officers may be served with process at the DCSO, which is located at 3091 Industrial Drive West, Hernando, Mississippi 38632.

12. Defendants John and Janes Does 1-10, whose identities are unknown to the Plaintiff at this time, are based on information and belief, deputies and/or employees of the CPD and DCSO. All allegations and claims asserted herein against the named Defendants are incorporated herein by reference against John and Janes Does 1-10. Said John and Janes Does 1-10, when her identities are known, will be named and joined in this action, if necessary, pursuant to Federal Rules of Civil Procedure.

## IV. FACTS

13. On or about August 30, 2022, Jefferson was a passenger in a vehicle that was stopped in the area of Interstate 55 and Interstate 69.

14. Following the arrest of the driver, the Plaintiff was informed she would be arrested.

15. During the arrest, the deputies then tazed her multiple times, pulled her hair, kicked her multiple times in her stomach and ribs, called her a prostitute, stomped on her face breaking her jaw in three (3) places and knocked out multiple teeth.

16. As a direct and proximate result of the injuries, Plaintiff Jefferson was transported, via ambulance, to Baptist Hospital Desoto, Southaven, Desoto County, Mississippi.

17. She was then transported to Regional One Health Hospital's trauma center.

18. As a direct and proximate cause of the aforementioned injuries, Plaintiff will continue to endure future pain and suffering, as well as medical expenses.

19. As a result, Plaintiff is fearful of any future contact with law enforcement due to her

encounter with Defendant Officers.

## V. CIVIL RIGHTS CLAIM

20.    Plaintiff reallege paragraphs 1 through 19 of this Complaint and incorporates them herein by reference.

21.    The Civil Rights Act, codified as 42 U.S.C. § 1983, provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any laws, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

22.    Plaintiff alleges that Defendants, jointly and/or severally, deprived her of her Fourth Amendment rights, and those rights, privileges, and immunities secured by the Fifth and Eighth Amendments to the Constitution as incorporated and applied to the states through the Fourteenth Amendment. Defendants violated Plaintiff' rights in the following ways:

A.    By using excessive force when detaining Plaintiff;

B.    By failing to intervene while companion Defendant Officer violated Plaintiff' constitutional rights.

C.    By failing to provide supervision and/or proper training to prevent such incidents of excessive force, First Amendment retaliatory conduct, and false arrest.

Defendants' violations of Plaintiff' constitutional rights resulted in her suffering and were a direct cause of her injuries.

### A.  CLAIM ONE: 42 U.S.C. § 1983 — PEACE DEPUTY LIABILITY

#### 1.  <u>False Arrest</u>

23.    Plaintiff realleges paragraphs 1 through 22 of this Complaint and incorporates them herein by reference.

24.     Plaintiff brings this claim against Defendants, individually as well as in her official capacity, pursuant to 42 U.S.C. § 1983 and for punitive damages.

25.     At all material times, Defendant Officers were acting under color of state law as agents and employees of Defendant County. Defendant Officers wore their official DCSO uniform and were acting within the course and scope of their duties as Desoto County Sheriff's Deputies at all times relevant during this cause of action.

26.     Jefferson demonstrates how Defendant Officers violated her federal constitutional rights and civil liberties guaranteed by the Fourth and Fourteenth Amendments by falsely arresting her.

27.     Defendant Officers unlawfully acted under the color of state law to deprive Plaintiff of her Fourth Amendment right to be free from unlawful seizure by arresting Plaintiff without a warrant, without witnessing a criminal act, and without probable cause to believe a crime had occurred or was about to occur.

28.     Defendant Officers used and abused their badges and their authority bestowed by DCSO to interfere with Plaintiff' liberty without reasonable and just cause in violation of the Fourth Amendment.

29.     Defendant Officers lacked probable cause to arrest Plaintiff based on the surrounding circumstances of her arrest.

30.     As a direct and proximate cause of this false arrest, Plaintiff suffered federal civil liberty violations, public humiliation, physical injury, medical expenses, lost wages, and mental and emotional distress.

## 2. First Amendment Retaliation

31.     Plaintiff realleges paragraphs 1 through 30 of this Complaint and incorporates them herein by reference.

32. Plaintiff brings this claim against Defendants, individually as well as in their official capacity, pursuant to 42 U.S.C. § 1983 and for punitive damages.

33. At all material times, Defendant Officers were acting under color of state law as agents and employees of Defendant County. Defendant Officers wore her official DCSO uniform and were acting within the course and scope of her duties as Desoto County Sheriff's Deputies at all times relevant to this cause of action.

34. Plaintiff contends Defendant Officers violated her federal constitutional guarantees of the First Amendment, incorporated to the states by the Fourteenth Amendment, by retaliating against the exercise of her right to speak freely.

35. Defendant Officers willfully deprived Plaintiff of the constitutional guarantees of freedom of speech that forbid the states to punish the use of words or language that does not fall within narrowly limited classes of speech.

36. As a direct and proximate cause of Defendant Officers' retaliation, Plaintiff suffered federal civil liberty violations, public humiliation, physical injury, medical expenses, lost wages, and mental and emotional distress.

### 3. Excessive Force

37. Plaintiff reallege paragraphs 1 through 36 of this Complaint and incorporates them herein by reference.

38. Plaintiff brings this claim against Defendants, individually as well as in their official capacity, pursuant to 42 U.S.C. § 1983 and for punitive damages.

39. At all material times, Defendant Officers were acting under color of state law as agents and employees of Defendant County.  Defendant Officers wore their official DCSO uniform and were acting within the course and scope of their duties as Desoto County Sheriff's Deputies at all

times relevant to this cause of action.

40.     Jefferson asserts Defendant Officers violated her federal constitutional guarantees of the Fourth Amendment, incorporated to the states by the Fourteenth Amendment, to be free from excessive force.

41. Force is excessive, and therefore violates the Fourth Amendment, if it is not reasonable considering the circumstances facing the officer. *See Graham v. Connor*, 490 U.S. 386, 398 ( 1989).  The facts and circumstances of this case show that Defendant Officers act of arresting Plaintiff was excessive and unreasonable.

42.     Jefferson complied with every order given by the Defendant Officers.

43.     Prior to firing the weapon, Defendant Officers never gave Jefferson an opportunity to comply with an order.

44.     At the time of the incident, Defendant Officers had no reason to believe Plaintiff was armed or dangerous.

45.     Plaintiff made no violent movements towards Defendant Officers or any other person that could be interpreted as threating.

46.     Plaintiff made no verbal threats to Defendant Officers or any other person.

47.     Plaintiff did not commit a criminal act in Defendant Officers' presence warranting arrest.

48.     Plaintiff also suffered from, excruciating pain, embarrassment, and humiliation due to Defendant Officers' excessive force.

49.     Defendant Officers' actions were unreasonable and unwarranted under the circumstances when comparing or balancing the amount of force used against the need for the force under the current circumstances.

50.     Therefore, by using subjectively and objectively unreasonable force while acting under

color of state law, Defendant Officers violated Plaintiff' rights under the Fourth and Fourteenth Amendments to the United States Constitution.

51.    As a direct and proximate cause of Defendant Officers' excessive force, Plaintiff suffered federal civil liberty violations, public humiliation, physical injury, medical expenses, lost wages, and mental and emotional distress.

### 4. <u>Failure to Intervene – Defendant Officers</u>

52.    Plaintiff realleges paragraphs 1 through 51 of this Complaint and incorporates them herein by reference.

53.    Plaintiff brings this claim against Defendants, individually as well as in their official capacity, pursuant to 42 U.S.C. § 1983 and for punitive damages.

54.    At all material times, Defendant Officers were acting under color of state law as agents and employees of Defendant County.  Defendant Officers wore their official DCSO uniform and were acting within the course and scope of their duties as Desoto County Sheriff's Deputies at all times relevant to this cause of action.

55.    Plaintiff asserts Defendant Officers violated her federal constitutional guarantees of the Fourth Amendment, incorporated to the states by the Fourteenth Amendment, and her Substantive Due Process rights by failing to intervene as companion Officers.

56.    Officers have a duty to protect individuals from constitutional violations by fellow Officers. Therefore, an Officer who witnesses a fellow Officer violating an individual's constitutional rights is liable to the victim for failing to intervene.

57.    Defendant Officers failed to protect Plaintiff from a danger they proactively created and aggravated.

58.    Defendant Officers unjustifiably drawing their weapon towards Plaintiff and kicked her in

the face that placed the Plaintiff at a substantial risk of harm.

59.     Defendant Officers aggressively and unreasonably fired their weapons upon Plaintiff. Their actions were unnecessary and excessive considering the circumstances surrounding the incident.

60.     Defendant Officers shooting Plaintiff Jefferson caused physical harm to Plaintiff's person.

61.     Defendant Officers' actions and inactions were egregious and arbitrary.

62.     Further, Plaintiff were subjected to and sustained substantial injury to her face as direct cause of Defendant Officers' conduct.

63.     Defendant Officers failed to prevent one another from causing or placing Plaintiff in direct and an unreasonable risk of harm, further violating her federal civil liberties.

64.     Defendant Officers, individually, had reason to know that a constitutional violation had been committed by the other, and Defendant Officers had a realistic opportunity to intervene to prevent the risk of harm from occurring.

65.     Defendant Officers also shared a law enforcement association where each respectively understood the policies and procedures in detaining and/or arresting a suspect and that such policies and procedures that would immediately violate an individual's constitutional rights if not complied with.

66.     As a direct and proximate cause of Defendant Officers' actions and inactions, Plaintiff suffered federal civil liberty violations, public humiliation, physical injury, medical expenses, lost wages, and mental and emotional distress.

## B.  CLAIM TWO: 42 U.S.C. § 1983 — MUNICIPAL LIABILITY

67.     Plaintiff reallege paragraphs 1 through 66 of this Complaint and incorporate them herein by reference.

68.    Plaintiff assert that her constitutional rights were violated when Defendant Officers falsely arrested Plaintiff, used excessive force to execute said arrest, and each Officer respectively failed to intervene as they witnessed their fellow Officer violate Plaintiff' constitutional rights.

69.    Defendant County is also liable under 42 U.S.C. § 1983 for failing to supervise and train its deputies. In addition, the County's failure to supervise and train its deputies, and the County's willful blindness towards the constitutional violations of its employees, constitute gross negligence and/or deliberate and conscious indifference to citizens' rights, including the right to be free from constitutional violations under 42 U.S.C. § 1983 and 1988.

70.    Additionally, municipalities may be held liable under 42 U.S.C. § 1983 for constitutional torts that are committed pursuant to a policy, procedure, practice, or custom of the municipality. Even if the County's practice of overlooking constitutional torts was not authorized by an officially adopted policy, the practice may be so common and well-settled that it fairly represents  official policy. *See Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397,404 (1997).

71.    In the present case, the County's formal and informal actions reflect a policy, practice, custom and procedure authorizing and allowing constitutional rights violations. Consequently, the County is liable for harm caused to the Plaintiff as a result of its policies, practices, customs and procedures.

72.    Defendant County is liable for the constitutional torts of Defendant Officers because the County sanctioned the following customs, practices, and policies:

    (A)    Using unreasonable and excessive force to carry out detentions and/or arrests;

    (B)    Arbitrarily using arrests when they are not necessary or permitted by law;

    (C)    Ignoring the serious need for training and supervision of its Officers regarding its policies and procedures when conducting detentions and/or arrests;

    (D)    Failing to adequately supervise and/or observe its Officers;

(E)    Failing to adequately train Officers regarding the availability of alternative means other than the use of arrests, force, or excessive force without probable cause;

(F)    Failing to discharge Officers who have shown a pattern or practice of falsely arresting citizens;

(G)    Failing to discharge Officers who have shown a pattern or practice of using excessive force; and

(H)    Adopting a practice whereby Officers who are unfit for peace Officer duties, as shown by prior actions in the line of duty, are allowed to retain their positions.

73.    At the time Defendant Officers arrested Plaintiff, they were acting pursuant to an official County policy, practice, custom and procedure overlooking and/or authorizing police Deputy's excessive use of force and unlawful arrests. *See Monell v. New York County Dept. of Social Servs.*, 436 U.S. 658, 659 (1978).

74.    Thus, Defendant County's failure to supervise and train its officers, and its willful blindness towards the constitutional violations of its employees was a direct cause of Plaintiff's injuries.

### 1.  **Failure to Train a Single Police Officer.**

75.    Plaintiff realleges paragraphs 1 through 74 of this Complaint and incorporates them herein by reference.

76.    A County may be held liable for its failure to train a single officer when the policymakers know about the pattern of unconstitutional misconduct and the Deputy's acts were so egregious that the County should have had clear warning that the particular Deputy posed a danger to citizens. *See Pineda v. County of Houston*, 124 F. Supp. 2d 1057, 1068 (S.D. Tex. 2000).

77.    With respect to Defendant Officers, the need for additional or different training was necessary considering the circumstance of this incident. Defendant County knew that Defendant

Officers were likely to engage in other acts of wrongful conduct, yet Defendant County continuously failed to discipline, supervise, or train Defendant Officers.

78.     Defendant County's acts and omissions, when viewed objectively, involved an extreme degree of risk considering the probability and magnitude of harm to citizens. Defendant County had actual, subjective awareness of the risks involved, but nevertheless preceded with conscious indifference to the rights, safety, or welfare of others, including Plaintiff.

79.     Thus, considering the substantial risks posed by Defendant Officers, Defendant County's failure to train them constitutes gross negligence and/or deliberate and conscious indifference to the rights, safety, and welfare of others, including Plaintiff.

## VI. DAMAGES

80.     Plaintiff realleges paragraphs 1 through 80 of this Complaint and incorporates them herein by reference.

81.     In addition to the damages mentioned in the preceding paragraphs as a direct and proximate result of the intentional and unlawful conduct of Defendants, Plaintiff have suffered, and in reasonable probability, will continue to suffer damages.

82.     In addition, Defendant Officers are liable for compensatory and exemplary damages arising from her negligence and gross negligence.

## VII. ATTORNEY'S FEES

83.     Plaintiff realleges paragraphs 1 through 82 of this Complaint and incorporate them herein by reference.

84.     Plaintiff is entitled to recover attorney's fees and costs as required by the Civil Rights Attorney's Fees Award Act of 1976. 49 U.S.C. § 1988. Plaintiff hereby requests that the Court and jury award her attorney's fees and expenses.

**VIII. JURY DEMAND**

85.     Plaintiff respectfully demands a jury trial pursuant to FED. R. CIV. P. 8(b).

**IX. PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that Defendants be cited to appear and answer herein, and that Plaintiff has judgment against Defendants, jointly and/or severally, for actual damages above the jurisdictional minimum of the Court; exemplary damages; pre-judgment interest; post-judgment interest, court costs, attorney's fees and expenses, and all other relief to which Plaintiff is justly entitled, at law or in equity. Plaintiff prays for relief in the amount of $5,000,000.00

Respectfully submitted this the 23th day of February, 2023.

ATTORNEYS FOR PLAINTIFF

**/s/ Juan T. Williams**
Juan T. Williams
MSB No.: 102869
John Keith Perry, Jr.
MSB No.: 99909
**PERRYGRIFFIN, P.C.**
5699 Getwell Road, Bldg. G, Suite 5
Southaven, MS 38672
Tele: (662) 536-6868
Fax: (662) 536-6869
Email: jw@PerryGriffin.com

## <u>CERTIFICATE OF SERVICE</u>

I, Juan T. Williams attorney of record for Plaintiff do hereby certify that I have this day caused a true and correct copy of the above and foregoing *Amended Complaint* to be delivered by the ECF Filing System which gave notice to all counsel of record who have appeared herein and to serve the new defendants with service of process by personal service.

**DATED** this 23TH day of February, 2023.

<u>**/s/ Juan T. Williams**</u>

Juan T. Williams