IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

KATHERINE JEFFERSON                                                    PLAINTIFF

V.                                                           NO: 3:23-CV-012-GHD-RP

DESOTO COUNTY, MISSISSIPPI; et al.                                  DEFENDANTS

## MEMORANDUM OPINION

Presently before the Court is the Defendants Desoto County, Sheriff Bill Rasco, and Deputy Hunter Foster's Motion for Summary Judgment [81]. The Plaintiff has responded in opposition. Upon due consideration of the motion and the applicable authority, the Court hereby grants the motion and dismisses the Plaintiff's claims.

### Factual Background

Around midnight on August 26, 2022, the Plaintiff was a passenger in a vehicle that was stopped at a law enforcement checkpoint near the intersection of Interstate 55 and Interstate 69 in Desoto County, Mississippi [Amended Compl., Doc. 17, at p. 5]. Defendant Deputy Foster and another officer were conducting the checkpoint [81-1]. After observing the odor of marijuana coming from the vehicle in which the Plaintiff was riding, Deputy Foster instructed the vehicle to pull over [*Id.*]. Foster then instructed the Plaintiff to exit the vehicle, and he learned that she was a felon and subject to an extradition warrant for aggravated assault through Shelby County, Tennessee. During the stop, Foster located a handgun under the vehicle's passenger seat; Foster then learned the gun was stolen [81-1]. As Foster continued conducting the vehicle stop, the Plaintiff shoved him and began fleeing on foot [81-1]. Foster began chasing the Plaintiff and ordering her to stop. The Plaintiff, however, continued fleeing and threw her phone at Foster. The other officer working the checkpoint joined Foster in attempting to apprehend the Plaintiff. That officer ultimately tased the Plaintiff, who began fighting with him on the ground [81-1]. Foster

assisted the officer in subduing the Plaintiff, and she was arrested and charged with possession of a stolen firearm, possession of a weapon by a felon, possession of drug paraphernalia with a firearm, disorderly conduct, and resisting arrest [81-1].

Following the Plaintiff's arrest, she entered a plea of no contest to the charge of resisting arrest and was indicted on the remaining charges [81-2]. The Plaintiff was sentenced to a fine and a 30-day suspended jail term after her conviction for resisting arrest. The additional charges were ultimately remanded to justice court, and the felony charge of possession of a firearm by a convicted felon was resolved in the Plaintiff's favor [30].

This litigation followed. The Plaintiff asserts claims in her Amended Complaint against Deputy Foster for false arrest, First Amendment retaliatory arrest, and excessive force [17, at pp. 6-10], and against Desoto County for failure to train [17, at pp. 13-14]. The Defendants have now filed the pending Motion for Summary Judgment seeking dismissal of the Plaintiff's claims. The Plaintiff opposes the motion.

### Summary Judgment Standard

The Court grants summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322.

The party moving for summary judgment bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine dispute of material fact. *Id.* at 323. Under Rule 56(a), the burden then shifts to the nonmovant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324; *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001); *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995). When the parties dispute the facts, the Court must view the facts and draw reasonable inferences in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007) (internal citations omitted). "However, a nonmovant may not overcome the summary judgment standard with conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *McClure v. Boles*, 490 F. App'x 666, 667 (5th Cir. 2012) (per curiam) (citing *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007)).

### Discussion

#### *Heck v. Humphrey*

The Defendants argue the Plaintiff's claims against Deputy Foster are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because the Plaintiff was arrested, charged, and convicted for resisting arrest, and that conviction is based on the same underlying facts upon which she now bases her claims.

"Under *Heck*, 'a plaintiff who has been convicted of a crime cannot recover damages for an alleged violation of his constitutional rights if that violation arose from the same facts attendant to the charge for which he was convicted, unless he proves that his conviction or sentence' has been in some way reversed or invalidated." *Ducksworth v. Rook*, 647 F. App'x 383, 385–86 (5th

3

Cir. 2016) (per curiam) (citing *Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008)). Further, a plaintiff's claims are barred by *Heck* where "specific factual allegations in the complaint are necessarily inconsistent with the validity of the conviction." *Id.* In such an instance, "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Cano v. Bexar Cty.*, 280 F. App'x 404, 408 (5th Cir. 2008) (quoting *Heck*, 512 U.S. at 487). The Supreme Court has made clear that in cases where a state defendant "is convicted of and sentenced for the [state law] crime . . ." unlawful-arrest or unreasonable seizure claims under Section 1983 fail because the defendant "would have to negate an element of the offense of which he has been convicted." *Heck*, 512 U.S. at 486, n.6.

Here, the Plaintiff was indisputably charged with resisting arrest based on her conduct during the events forming the basis of her complaint. She subsequently entered a no-contest plea to that charge and was convicted and sentenced based upon her plea [81-2]. The Fifth Circuit has made clear a conviction based on a no-contest plea can be used to impose *Heck*. *Olivier v. City of Brandon*, No. 22-60566, 2023 WL 5500223, at *4 (5th Cir. Aug. 25, 2023) (holding a "plea of nolo contendere is a conviction that implicates *Heck*."); *Claunch v. Williams*, 508 Fed. App'x 358, 359 n.2 (5th Cir. 2013) (holding "a plea of nolo contendere . . . is enough . . . to trigger *Heck*.").

The Court finds that imposing *Heck*'s favorable termination requirement in favor of the Defendant is appropriate here because the Plaintiff was arrested, charged, and pled guilty to a charge that is based on the same underlying facts upon which the Plaintiff now bases her claims. The Plaintiff's false arrest claim is plainly barred given her no-contest plea to the charge of resisting arrest. *Hopkins v. Lowndes Cnty. Sheriff Dep't*, No. 1:13CV162, 2014 WL 3799329, at *3-4 (N.D. Miss. Aug. 1, 2014). Her excessive force claim, in which the only excessive force she alleges is that Deputy Foster was too rough with her as he attempted to handcuff her after another

4

officer tased her, is likewise barred because her claim is inextricably tied to the conduct for which she pled no-contest. *Ducksworth*, 647 Fed. App'x at 386; *Culpepper v. Pearl River Cnty.*, No. 1:18CV289, 2019 WL 1440313, at *3-4 (S.D. Miss. Mar. 29, 2019). Finally, her First Amendment retaliatory arrest claim fails because such a claim requires that probable cause for the subject arrest be absent; here, the Plaintiff pled no-contest to one of the charges for which she was arrested, thereby establishing the existence of probable cause for the arrest. *Williams v. Wainwright*, 604 F.2d 404, 406-07 (5th Cir. 1979).

In sum, the Plaintiff is essentially asking the Court to find she was falsely arrested and prosecuted for resisting arrest. The Plaintiff, however, pled no-contest to that charge; therefore, under *Heck* and as described above, the Plaintiff's pending constitutional claims cannot proceed against Deputy Foster. Accordingly, those claims shall be dismissed.

*Municipal Liability against Desoto County*

As for the Plaintiff's claims against Desoto County, which includes the claims against Sheriff Rasco in his official capacity,[1] even assuming those claims are not *Heck*-barred, the Court finds the Plaintiff has failed to adequately plead the claims.

The Plaintiff has named Desoto County as a Defendant for failure to properly train and supervise its deputies, and for having a policy or practice of overlooking constitutional rights violations by its deputies [17, at pp. 12-14]. Under *Monell* and its progeny, a municipality may only be held liable under Section 1983 for violating a citizen's constitutional rights if "the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be

---

[1] State officials acting their official capacity are not "persons" subject to suit under 42 U.S.C. § 1983 because "a suit against a state official in his or her official capacity . . . is no different from a suit against the State itself." *Am. Bank & Trust Co. of Opelousas v. Dent*, 982 F.2d 917, 921 (5th Cir. 1993) (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)).

subjected' to such deprivation." *Connick v. Thompson*, 563 U.S. 51, 60 (2011); *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 694 (1978).

Governmental entities are "responsible only for [their] own illegal acts" and are "not vicariously liable under § 1983 for [their] employees' actions." *Id.* Thus, there is no *respondeat superior* liability under § 1983; rather, the key to municipal liability is demonstrating that a deprivation of a constitutional right was inflicted pursuant to an official policy or custom of the municipality in question. *Monell*, 436 U.S. at 694. The alleged unconstitutional conduct asserted "must be directly attributable to the municipality through some sort of official action or imprimatur." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

To establish constitutional liability under *Monell*, a plaintiff must therefore demonstrate (1) an official policy or custom, of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose "moving force" is that policy or custom. *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 247-249 (5th Cir. 2003). A "policy or custom" can be either (1) a policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or (2) a persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. *McGregory v. City of Jackson*, 335 Fed. App'x 446, 448-449 (5th Cir. 2009).

Here, the Court finds the Plaintiff has failed to adequately allege either a policy, pattern, or practice that sufficiently supports her claims that an unlawful custom or practice exists in Desoto County with respect to her claims. First, she has not identified any policy or custom with which a policymaker can be charged with actual or constructive knowledge, nor that any such policy or

6

custom was the "moving force" behind her claims. This failure is simply fatal to her municipal liability claims. *Johnson v. Harris County*, 83 F.4th 941, 947 (5th Cir. 2023); *Peterson v. City of Fort Worth, Texas*, 588 F.3d 838, 851 (5th Cir. 2009) (holding that "[a] pattern requires similarity and specificity; prior indications cannot simply be for any and all bad or unwise acts, but rather must point to the specific violation in question.").

Given the Plaintiff's failure to provide any adequate factual allegations that support finding municipal liability on the part of Desoto County for the Plaintiff's Section 1983 claims, the Court holds these claims must be dismissed.

## Conclusion

For the reasons stated above, the Court finds the Defendants' Motion for Summary Judgment [81] shall be granted and the Plaintiff's claims dismissed.

An order in accordance with this opinion shall issue this day.

This, the 25th day of March, 2026.

_____
SENIOR U.S. DISTRICT JUDGE